IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VIRGINIA A. ELDER                                                                        PLAINTIFF

v.                                          Civil No. 11-2244

MICHAEL FIRTZHUGH;
STEPHEN TABOR; and
JOHN MAUZY PITTMAN                                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Virginia A. Elder brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Her complaint was provisionally filed and it and the *in forma pauperis* (IFP) application are before me for preservice screening.

### I. Background

According to the allegations of the complaint, Plaintiff filed a legal malpractice complaint against Attorney Mark Ford in the Sebastian County Circuit Court. Defendants are all Circuit or Appeals Court Judges who had some involvement in the case, the dismissal of it, or in denying an appeal from the case.

### II. Discussion

The Plaintiff has filed an application to proceed IFP under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2).

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a)(1). Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C.

§ 1915(e)(2)(B)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).

Review of the IFP application (Doc. 3) indicates Plaintiff qualifies for IFP status. However, review of the complaint indicates it is subject to preservice dismissal.

The Judges are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

### III.  Conclusion

I therefore recommend that the *in forma pauperis* application be denied and this complaint dismissed prior to service of process. 28 U.S.C. § 1915(e)(2).

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of January 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE